UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JESSIE BRIAN MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13CV52 SNLJ |
| ) | |
| LESLEY LYNN, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will not assess a filing fee of plaintiff at this time.[1] See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

---

[1] Plaintiff states that he has been unable to acquire a prisoner account statement, thus, the Court has not been able to calculate an initial partial filing fee at this time.

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a letter to the Court indicating that he has requested a copy of his inmate account statement from his prior Jail Administrator, at Stoddard County Jail, but that he has been denied his request. Plaintiff has additionally stated that he has no funds and no means of getting additional funds at this time to pay the filing fee. As such, the Court will not assess a partial filing fee at this juncture.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Lesley Lynn (Public Defender); Russell David Oliver (Prosecuting Attorney, Stoddard County, Missouri); and Judge Spielman (Stoddard County, Missouri). At the time plaintiff filed his complaint he was a pretrial detainee in Stoddard County Jail.

Plaintiff asserts in a conclusory fashion that defendants acted together to deny him the right to a preliminary hearing in a criminal case in which he was charged with child molestation. Plaintiff states that he had previously been charged with the same crime and the charge had been dismissed by a different judge in a preliminary hearing; thus, he believes he should have been granted the right to a preliminary hearing, as well as the right to produce witnesses on his behalf, when the charge was refiled.

Plaintiff requests that the defendants be removed from "any further court proceedings concerning" him. He also requests that this Court order the state court to grant him a preliminary hearing.

## Discussion

The complaint is frivolous because this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).  As a consequence, this action shall be dismissed.

Moreover, plaintiff's conclusory allegations are insufficient to support a conspiracy claim.  To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993).

Additionally, plaintiff's complaint is legally frivolous as to defendant Oliver because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).  Similarly, plaintiff's complaint is legally frivolous as to Judge Spielman because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).  Last, the complaint fails to state a claim upon which relief can be granted against defendant Lynn because "a public defender does not act under color

of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

In light of the aforementioned, the complaint shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not assess a filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of May, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE